The Honorable Bynum Gibson State Representative 312 South Main Street Dermott, AR 71638-2439
Dear Representative Gibson:
This is in response to your request for an opinion on the following question:
 Is there currently a legal mechanism by which a school district may consolidate either its top four or top six grades with an adjacent school district, retaining its identity as a separate school district and receive incentive monies for consolidating those top four or six grades?
It is my opinion that the answer to this question is "no." There is a mechanism for consolidating or annexing a high school
with another district, whereby the district may choose to retain its elementary school and receive the incentive monies. See
A.C.A. § 6-20-309(e)(2) (Cum. Supp. 1991) and Op. Att'y. Gen. No.90-070. The district does not, however, in that instance retain the high school facility. Rather, the consolidation will result in the transfer of territory and redrawing of boundaries. See,e.g., A.C.A. §§ 6-13-221 (1987) (regarding territory brought into a district); 6-13-1201—1207 (Cum. Supp. 1991) ("annexation" and "consolidation" defined, respectively, as joining of a district or territory of a district with a receiving district, and joining of two or more districts to create a new district); 6-20-309(a) through (d) (Cum. Supp. 1991) (regarding the "resulting district" and the "new school district's aid"); 6-20-309(g)(1)(A)(i) (Cum. Supp. 1991) (regarding "boundaries" of the "former districts"). The district that consolidates its high school will retain its identity as a separate district for purposes of operating its elementary school. But the high school will become part of the other district.
This provision for incentives in the form of add-on weights following voluntary consolidation or annexation under A.C.A. § 6-20-309 (Cum. Supp. 1991) is distinguishable from the option available under A.C.A. § 6-15-207 (Cum. Supp. 1991) regarding thecombination of a secondary program with an adjoining district. Section 6-15-207(c) (Cum. Supp. 1991) authorizes a district to petition the county board of education ". . . to combine the district's top four (4) grades or top six (6) grades with an adjoining district which operates a secondary program which meets the minimum standards for accreditation." (Emphasis added.) Any district directed to participate in such a combination ". . . is mandated to accept the students transferred to such district." A.C.A. § 6-15-207(c)(3) (Cum. Supp. 1991). Subparagraph (4) of §6-15-207(c) states that any district exercising this option ". . . shall continue to exist as a separate school district to operate a school with grades kindergarten through six (6)," and may operate grades seven and eight if its educational program meets minimum standards. With regard to funding, provision is made for the annual transfer of revenues in accordance with guidelines formulated by the State Board of Education. A.C.A §6-15-207(c)(6) and (7) (Cum. Supp. 1991).
This procedure for operating "combined educational programs" (§6-15-207(c)(7)) thus involves the transfer of students and revenues. Unlike the annexation or consolidation process, there are no territorial or boundary changes. With annexation or consolidation, assets and liabilities are transferred, and the transferred territory (including the physical plant) becomes part of the new district. While, as noted above, the consolidation provisions include a mechanism for consolidating a high school (§ 6-20-309(e)(2)), there is no provision for consolidating the top six grades. And the incentive monies only apply in the case of consolidation or annexation. Id.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh